UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JACOB EDMOND**, <br><br> Defendant. | 4:20-CR-20222-TGB-DRG <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 39)** |

Petitioner Jacob Edmond pled guilty to distribution of heroin. Petitioner Edmond now requests that the Court resentence him under 28 U.S.C. § 2255, arguing that he was erroneously designated a "career offender," and thus subjected to a higher advisory guideline range. But because claims that a defendant's advisory sentencing guidelines were miscalculated are not cognizable under 28 U.S.C. § 2255, Edmond's motion must be denied.

## I. BACKGROUND

Edmond pled guilty to a single-count Information charging him with distribution of heroin in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). Inf., ECF No. 9, PageID.25; Plea Agreement, ECF No. 20, PageID.50.

Edmond was designated a career offender because the sentencing judge determined that he had been convicted twice before for controlled

substance offenses. Mot. for Relief, ECF No. 39, PageID.167. Edmond received a corresponding increase in his sentencing guideline range, which was ultimately found to be 188 to 235 months. On August 3, 2021, Edmond was sentenced to 120 months' imprisonment. Judgment, ECF No. 38, PageID.157-58. The sentencing judge also imposed a five-year term of supervised release. *Id.* Edmond did not appeal, but timely filed this petition.

## II. LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve[] a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on

a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346.

### III.  DISCUSSION

Petitioner argues that he should not have received a career offender enhancement because his prior convictions for delivery of marijuana and cocaine do not qualify as "controlled substance offenses."

A defendant is a career offender if three conditions are met: (1) the defendant was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction is a felony and either a crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions that are either crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a).

A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §4B1.2(b). In turn, 21 U.S.C. § 802(6) defines a "controlled substance" as a drug included in Schedule I, II, III, IV, or V of Title 21.

Schedule II includes the following cocaine-related substances: "cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any

3

compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." 21 U.S.C. § 812(c), Schedule II(a)(4). Marijuana is defined as follows: "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin." § 802(16)(A).

Edmond argues that his prior convictions under Michigan state law for the delivery or manufacture of crack cocaine and marijuana do not qualify as controlled substance offenses. This is because, according to Edmond, Michigan law defines those drugs more broadly than federal law does. Accordingly, the argument goes, it is hypothetically possible that Edmond possessed a form of marijuana or cocaine that was illegal under state law but not federal law. Because the career offender guideline encompasses the federal definition of controlled substances, Edmond says that he could have violated Michigan's prohibition against distributing marijuana or cocaine without committing a federal "controlled substance offense" if he possessed a form of those drugs that did not meet the federal definition of a controlled substance.

Whether the state-law definitions of certain controlled substances are coextensive with the federal definitions has been the subject of much litigation in this district and elsewhere. The Sixth Circuit has not yet addressed this issue to clarify the matter—at least with respect to

Michigan law—and district courts have reached inconsistent results.[1] But the Court need not wade into those unsettled waters to resolve Edmond's motion. This is because the error Edmond complains of— misapplication of a career-offender guideline enhancement—is not the type of legal challenge that can be properly raised in a § 2255 motion.

In *Bullard v. United States*, the Sixth Circuit considered just this issue. 937 F.3d 654 (6th Cir. 2019). There, the petitioner filed a § 2255 petition in which he argued that the district court had mistakenly classified him as a career offender. As the Sixth Circuit explained, relief under § 2255 is available only: "when a sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* at 658 (cleaned up). Just like the petitioner in *Bullard*, Edmond does not challenge the constitutionality of his sentence, the jurisdiction of the sentencing court, or allege that his sentence was above the maximum authorized by statute.

Edmond is left only with § 2255's final ground for relief: that his

---

[1] *See, e.g.*, *United States v. Taylor*, No. 20-20449, 2022 WL 3447596, at *10 (E.D. Mich. Aug. 17, 2022) (rejecting argument that Michigan law's definition of cocaine was broader than federal definition and applying enhancement); *United States v. Lofton*, No. 20-20221, 2021 WL 5494782, at *2 (E.D. Mich. Nov. 23, 2021) (finding Michigan definition of cocaine broader than federal definition and declining to apply enhancement).

5

sentence is "otherwise subject to collateral attack." But the *Bullard* court explained that such a claim is "generally cognizable only if it involved a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (cleaned up). And misapplication of the advisory sentencing guidelines does not fall within that category. *Id.* at 659.

Emphasizing the advisory nature of the guidelines, the Sixth Circuit explained that the petitioner could have received exactly the same sentence with or without the career offender enhancement. *Id.* Even if the career offender enhancement should not have applied, a sentence above the high end of the correct, non-enhanced guideline range would not be considered a "complete miscarriage of justice" justifying relief under § 2255. *Id.* at 660 (relief not available where defendant received sentence 22% higher than the top of his non-enhanced guideline range). This is because a court has the discretion to impose a sentence within, above, or below the guideline range as long as it properly considers all of the sentencing factors in 18 U.S.C. § 3553(a).

And here, the case for relief is even weaker than that of the petitioner in *Bullard* because Edmond received a sentence substantially below the bottom of his career-offender-enhanced guidelines. Indeed, Edmond's 120-month sentence falls squarely within the non-enhanced guideline range of 100 to 125 months that he argues should have applied. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("Snider's 300-month sentence is within the middle of [the allegedly correct] range,

6

which cannot be plausibly characterized as a fundamental defect which inherently results in a complete miscarriage of justice.") (citation and internal marks omitted).

As the Sixth Circuit has explained, a "misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." *Bullard*, 937 F.3d at 660 (citation omitted). And indeed, every circuit to "look[ ] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Id.* at 660-61 (alteration in original) (collecting cases). Accordingly, Edmond's claim that the district court erroneously identified him as a career offender is no grounds for relief under § 2255.

## IV. CONCLUSION

For the above-stated reasons, Petitioner Jacob Edmonds's motion for relief under 28 U.S.C. § 2255 must be **DENIED**.

**SO ORDERED.**

Dated: May 31, 2023        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE